Gregory S. Hathaway, OSB No. 731240
Christopher P. Koback, OSB No. 913408
greg@hathawaylarson.com
chris@hathawaylarson.com
HATHAWAY LARSON LLP
1331 NW Lovejoy Street, Ste. 950
Portland, OR 97209-3280
Telephone: (503) 303-3101
Facsimile: (503) 205-8406
*Of Attorneys for Plaintiff Valhalla Custom Homes, LLC*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **VALHALLA CUSTOM HOMES LLC**, an Oregon limited liability company, | Civil Case No. 3:21-cv-00225-JR |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** |
| **THE CITY OF PORTLAND**, an Oregon Municipal Corporation; **TED WHEELER**, individually and in his official capacity; **CHLOE EUDALY**, individually and in her official capacity; **CHRIS WARNER**, individually and in his official capacity; **KURT KRUEGER**, individually and in his official capacity; **AMANDA OWINGS**, in her official capacity; and **LEWIS WARDRIP**, in his official capacity, | *ORAL ARGUMENT REQUESTED* |
| Defendants. | |

1    Plaintiff moves this Court for leave to file a Surreply in opposition to

2    Defendants Motions to Dismiss [EFC 26].  In accordance with L.R. 7-1(a)(1),

3    counsel for Plaintiff has conferred with counsel for Defendants, William Manlove.

4    Defendants oppose this motion.  Specifically, Plaintiff requests an order allowing

5    Plaintiff to file the attached Surreply in response to new arguments and factual

6    claims made by Defendants in Defendants' Reply [ECF 44] to Plaintiff's Response

7    [ECF 39] to Defendants' Rule 12 Motions to Dismiss of August 16, 2021 (Surreply

8    attached hereto as Exhibit 1).  Those arguments and claims did not appear in

9    Defendants' previous Motions to Dismiss, and thus Plaintiff has not had an

10    opportunity to respond.  This motion is based upon the complete court file and upon

11    the Declaration of Gregory S. Hathaway, filed herewith.

12    The standard for granting a leave to file a surreply is whether the party

13    making the motion would be unable to contest matters presented to the court for the

14    first time in the opposing party's reply.  *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61

15    (D.D.C. 2001).  As explained below, Plaintiff satisfies this standard because

16    Defendants' Reply Brief presents several matters for the first time, and Plaintiff has

17    not been able to contest these matters.

18    Defendants assert, for the first time, that *Thomas v. Wasco County*,

19    LUBA No. 2008-206 (March 3, 2009), and *Campbell v. Multnomah County*, LUBA

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
SURREPLY IN OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS**

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone: 503-303-3101

1  No. 93-032 (June 17, 1993), stand for the proposition that ORS 92.017 does not

2  prevent the Director from treating the Sumner Properties as if they were not

3  separately developable.  Defendants previously argued that PCC 17.28.110.C.1

4  called for the consolidation of property frontages, but now claim not to be

5  consolidating the Sumner Properties but instead deeming them not separately

6  developable.  (Reply, pp. 1-2, 6.)

7      Defendants also assert, for the first time, argument as to how

8  "reasonable access" ought to be defined in this case.  Defendants assert that a

9  residential property may be deprived of all vehicular access, yet still be deemed to

10  have "reasonable access."  (Reply, p. 2.)  Defendants further claim, for the first time,

11  that any vehicular access equates to "reasonable access."  (Reply, p. 3.)  Defendants

12  erroneously cite *Kiasantana LLC v. Tri-County Metropolitan District of Oregon*,

13  20121 WL 2903228, *4 (D. Or), as authority for this new argument.

14      Defendants further assert, for the first time, that a true shared driveway

15  is not what the Director's Policy requires.  (Reply, pp. 3, 15.)

16      Defendants assert, for the first time, that pursuant to ORS

17  197.015(10)(b)(D), the decision Defendant Owings rendered was neither a land use

18  decision nor a limited land use decision and, therefore, the statutory procedural

1    requirements for quasi-judicial land use or limited land use decisions were not

2    required.  (Reply, p. 10.)

3            Defendants assert that, "[r]emedies available in state court proceedings

4    can satisfy the 14th Amendment's Due Process Clause" citing for the first time

5    *Zinermon v. Burch*, 494 U.S. 113, 125-126 (1990), as authority for their argument

6    that the availability of Postdeprivation due process was adequate in this case.

7    (Reply, p. 3.)

8            Defendants newly cite *Coleman v. Oregon Parks and Recreation Dep't*,

9    227 P.3d 815, 234 Or App 132 (2010), as a case in which Defendants claim the

10   notice given (no formal notice) was "akin" to the tort claim notice Plaintiff provided

11   to Defendants on October 25, 2019.  (Reply, p. 17.)

12           Defendants assert, for the first time, that even though the actual

13   document in which the act of fraud occurred (the June 8, 2018 letter) was specifically

14   cited in Plaintiff's tort claim notice with reference as to why Plaintiff deemed the

15   document to be one of the circumstances giving rise to the claim – that the City had

16   previously agreed that ORS 197.307(4) applied to driveways and had subsequently

17   acted in a manner wholly inconsistent with a proceeding under ORS 197.307(4) –

18   the City needed to also be referred to the Rodney Settlement Agreement to

19   understand the time, place, and circumstances giving rise to the claim.  Defendants

Page 4 -    **PLAINTIFF'S MOTION FOR LEAVE TO FILE
SURREPLY IN OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS**

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

1    ignore the allegations in Plaintiff's FAC and falsely claim that the basis for the fraud

2    claim is merely a "misreading" of letters.  (Reply, p. 17.)

3          Defendants falsely claim that "Plaintiff concedes its Fraud in the

4    Inducement claim is not meant to be a stand-alone claim."  (Reply, pp. 5,17.)

5          Defendants assert, for the first time, that "the City's rules regarding set-

6    back distances" are defined as those imposed by DRP 6.03.  (Reply, pp. 14-15.)

7    However, on page 8 of their Reply, Defendants assert that DRP 6.03 is not a rule.

8    "DRP 6.03 is an administrative regulation, directed at PBOT employees, with the

9    sole purpose of furthering the Director and City Traffic Engineer's public safety

10    judgments, … ."  (Reply, p. 8.)

11          Defendants falsely claim that "Plaintiff concedes the City's distinction

12    between attached and detached housing with respect to access to the right-of-way is

13    rationally related to serving legitimate government interests.  (See Plaintiff's

14    Response, p.44.)"  (Reply, p. 15.)

15          Defendants falsely claim that "Plaintiff concedes that neither

16    Defendants Wheeler nor Eudaly could have had the invidious, discriminatory intent

17    necessary for Plaintiff's Equal Protection Claim.  (Plaintiff's Response, p. 56)."

18    (Reply, p. 18.)  The foregoing misstates both the law and Plaintiff's position.

1         None of the arguments, or false claims described above, appeared in

2    Defendants' Motion to Dismiss, and Plaintiff has not had the opportunity to respond.

3    Plaintiff has attached a Surreply which addresses only these new arguments and false

4    claims asserted in Defendants' Reply and raises no new arguments.

5         Based on the foregoing, counsel for Plaintiff respectfully requests leave

6    to file the attached Surreply.

DATED this 17th day of September 2021.

HATHAWAY LARSON LLP


By    s/ Gregory S. Hathaway
    Gregory S. Hathaway, OBS #731240
    1331 NW Lovejoy St., Ste. 950
    Portland, OR 97209-3280
    Telephone:  503-303-3101 (Main)
    greg@hathawaylarson.com
    *Of Attorneys for Plaintiff*

Gregory S. Hathaway, OSB No. 731240
Christopher P. Koback, OSB No. 913408
greg@hathawaylarson.com
chris@hathawaylarson.com
HATHAWAY LARSON LLP
1331 NW Lovejoy Street, Ste. 950
Portland, OR 97209-3280
Telephone: (503) 303-3101
Facsimile: (503) 205-8406
          *Of Attorneys for Plaintiff Valhalla Custom Homes, LLC*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **VALHALLA CUSTOM HOMES LLC**, an Oregon limited liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>**THE CITY OF PORTLAND**, an Oregon Municipal Corporation; **TED WHEELER**, individually and in his official capacity; **CHLOE EUDALY**, individually and in her official capacity; **CHRIS WARNER**, individually and in his official capacity; **KURT KRUEGER**, individually and in his official capacity; **AMANDA OWINGS**, in her official capacity; and **LEWIS WARDRIP**, in his official capacity,<br><br>        Defendants. | Civil Case No. 3:21-cv-00225-JR<br><br>**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

Hathaway Larson LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply**
**Page 1 of 34**

# TABLE OF CONTENTS

Page

**PLAINTIFF'S SURREPLY IN OPPOSITION TO  DEFENDANTS'
MOTIONS TO DISMISS**...........................................................................1

Consolidation v. Not Separately Developable ...........................................1

"Reasonable" Cannot be Less Than What the City Council has
Determined is "Necessary" ...............................................3

ORS 197.015(10)(b)(D) Does Not Apply to the Denial of the
Requested Driveways.......................................................10

Due Process and *Zinermon v. Burch* .......................................................14

Tort Claim Notice and *Coleman v. Oregon Parks and Recreation* .........16

Setback Requirement..............................................................................18

Equal Protection .....................................................................................19

Mayor Wheeler and Former Commissioner Eudaly ...............................20

**CONCLUSION** .................................................................................23

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 2 of 34**

# TABLE OF AUTHORITIES

Page

## Federal Cases

*Armendariz v. Penman*, 75 F.3d 1311, 1327 (9th Cir., 1996) (en banc) ............22

*City of Cleburne, Texas v. Cleburne Living Center*,
    473 U.S. 432, 448 (1985) .................................................................20, 22

*Giglio v. United States*, 405 U.S. 150, 154 (1972) ............................................21

*Lazy Y Ranch Ltd. v. Behrens*, 546 F. 3d 580, 591 (9th Cir., 2008)...................20

*Lockary v. Kayfetz*, 917 F.2d 1150, 1155-56 (9th Cir., 2008).........................22

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) ...............................................14

*State of Washington ex rel. Seattle Title Trust Co. v. Roberge*,
    278 U.S. 116 (1928) ...................................................................................6

*Zinermon v. Burch*, 494 U.S. 113, 125-126 (1990)  ....................................14, 15

## State Cases

*Athletic Club of Bend v. City of Bend*, 243 P.3d 824, 239 Or. App. 89,
    98-99 (2010) ...................................................................................4, 10, 22

*Campbell v. Multnomah County*, LUBA No. 93-032 (June 17, 1993)............1, 2

*Coleman v. Oregon Parks and Recreation Dep't*, 227 P.3d 815,
    234 Or App 132 (2010) ...........................................................................16

*David Hill Development v. City of Forest Grove*, 3:08-cv-266-AC,
    at 41- 42 (D. OR, October 30, 2012).......................................................22

*Group B, LLC v. City of Corvallis*, LUBA No. 2015-019 (August 25, 2015) .....4

*HBA v. City of Eugene*, 41 Or LUBA 370 (2002), LUBA No. 2001-059
    and LUBA No. 001-063 (February 28, 2002)...........................................4

Page ii -   **TABLE OF AUTHORITIES**

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply**
**Page 3 of 34**

*Kiasantana LLC v. County Metropolitan District of Oregon*,
 20121 WL 2903228, *4 (D. Or) ....................................................................3, 9

*Legacy Development Group v. City of The Dalles*, LUBA No. 2020-099
 (February 24, 2021) ....................................................................................4

*Nieto v. City of Talent*, LUBA No. 2020-100 (March 10, 2021) ....................4, 5

*Rogue Valley Assoc. of Realtors v. City of Ashland*, 35 Or LUBA 139,
 158 (1998), *aff'd* 158 Or App 1, 970 P2d 685, *rev den*, 328 Or 594
 (1999)......................................................................................................5, 13

*State of Oregon v. Alderwoods*, 358 OR 501 (2015)...........................................3

*Thomas v. Wasco County*, LUBA No. 2008-206 (March 3, 2009) ................1, 2

*Tri-County Metropolitan Transportation District of Oregon v. Walnut Hill,
 LLC*, 292 Or. App. 417, 417-421 (2018)....................................................3

*Walter v. City of Eugene*, LUBA No. 2016-024 (June 30, 2016)............4, 13, 22

*Warrick v. Josephine County*, LUBA No. 98-165 (March 25, 1999) ..........12, 22

## State Statutes

ORS 92.017....................................................................................................1, 2, 20

ORS 197.015(10)(a)...............................................................................................13

ORS 197.015(10)(b)(B) ........................................................................................13

ORS 197.015(10)(b)(D)...........................................................................10, 12, 13, 14

ORS 197.307(4) ................................................... 4, 5, 9, 11, 13, 16, 21, 22

ORS 197.763....................................................................................................11, 14

ORS 227.160(2) .....................................................................................................11

ORS 227.173(2) ...................................................................................................5, 9

ORS 227.175(4)(b)(A) .........................................................................................5, 9

ORS 227.215....................................................................................................1, 11

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply**
**Page 4 of 34**

**Portland City Codes**

PCC 17.04.010.M ...................................................................................20

PCC 17.28.100.A .......................................................................................7

PCC 17.28.110 ...........................................................................................5

PCC 17.28.110.C.1 ...........................................................................1, 6, 7, 9

PCC 17.28.110.C.3 .....................................................................................7

PCC 33.266.120.D ......................................................................................8

PCC 33.266.120.D.2 ...................................................................................6

PCC 33.266.120.D.3.b ................................................................................8

**Other Authorities**

Black's Law Dictionary, (Sixth Edition 1991)......................................22

**Exhibits**

Letter from Kenneth A. McGair dated May 24, 2019 ................................ Ex. A

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone: 503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply**
**Page 5 of 34**

1    **PLAINTIFF'S SURREPLY IN OPPOSITION TO**
2    **DEFENDANTS' MOTIONS TO DISMISS**

3         In Defendants' Reply in response to Plaintiff's Response to

4    Defendants' Motions to Dismiss Plaintiff's First Amended Complaint ("FAC"),

5    Defendants raise new arguments and false claims supported by new authorities

6    that were not made in Defendants' initial brief.  Having moved for leave to file a

7    Surreply in the accompanying motion, Plaintiff hereby responds to these new

8    arguments, false claims, and authorities.

9         **<u>Consolidation v. Not Separately Developable</u>**

10         Defendants assert, for the first time, that *Thomas v. Wasco County*,

11    LUBA No. 2008-206 (March 3, 2009), and *Campbell v. Multnomah County*,

12    LUBA No. 93-032 (June 17, 1993), stand for the proposition that ORS 92.017

13    does not prevent the Director from treating the Sumner Properties as if they were

14    not separately developable.  In other words, while Defendants previously argued

15    that PCC 17.28.110.C.1 called for the consolidation of property frontages, they

16    now claim not to be consolidating them but simply deeming them not separately

17    developable.  Thereby depriving each property of its own right of access to the

18    road pursuant to ORS 227.215 which defines "granting or terminating a right of

19    access" as development of land.

20    ///

21    ///

Page 1 -    **PLAINTIFF'S SURREPLY IN OPPOSITION TO**
              **DEFENDANTS' MOTIONS TO DISMISS**

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply**
**Page 6 of 34**

1        The questions in *Thomas* and *Campbell* both involved substandard

2    and nonconforming parcels and whether the county's zoning regulations, which

3    determined when such substandard and nonconforming parcels must be

4    combined for development purposes, were lawful (*Thomas*) or properly

5    interpreted (*Campbell*).  Both cases reiterate that under ORS 92.017 the City must

6    recognize lawfully created lots as separate units and their property lines

7    "inviolate."   *Campbell* at 5*; Thomas* at 3.   Defendants cite no case where

8    properties, which were fully conforming with the locality's zoning code, were

9    deemed not separately developable.

10        Defendants claim that the Director was not required to recognize the

11    two separate Sumner Properties "as being separately developable." (Reply, p. 2.)

12    But the City's Code does, and the City's Lot Confirmation did, recognize the two

13    separate Sumner Properties as being separately developable.  (FAC, ¶ ¶ 5, 35.)

14    After Plaintiff sold the Sumner Properties, they were separately developed.

15    (FAC, ¶ ¶ 9, 74.)  Property rights run with the land.  Defendants incorrectly argue

16    that the powers given to the Director by the City's Code are so broad that they

17    allow the Director to override the City's Code and a determination made by the

18    Bureau of Development Services and deem the properties not separately

19    developable.  (Reply, p. 2.)

20    *///*

Page 2 -     **PLAINTIFF'S SURREPLY IN OPPOSITION TO**
             **DEFENDANTS' MOTIONS TO DISMISS**

                                                    **Hathaway Larson LLP**
                                                    1331 NW Lovejoy St., Ste. 950
                                                    Portland, OR 97209-3280
                                                    Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply**
**Page 7 of 34**

### "Reasonable" Cannot be Less Than What the City Council has Determined is "Necessary"

3    Defendants present, for the first time, argument as to how

4  "reasonable access" ought to be defined in this case.  Defendants assert that a

5  residential property may be deprived of all vehicular access, yet still be deemed

6  to have "reasonable access."  (Reply, p. 2.)  Defendants further claim that any

7  vehicular access equates to "reasonable access."  (Reply, p. 3.)  Defendants

8  erroneously cite *Kiasantana LLC v. County Metropolitan District of Oregon*,

9  20121 WL 2903228, *4 (D. Or), as authority for the foregoing theories.

10  *Kiasantana* held that a property, which had previously enjoyed vehicular access

11  across the whole of its frontage, still had reasonable access after a portion was

12  blocked by a new pedestrian and cyclist's bridge.  The property was left with

13  access that exceeded that required by the City's Code.

14    Oregon's case law on the right of access spans more than 100 years.

15  It has consistently held that the right of access attaches to property abutting a

16  road; the case law does not limit that right to commercial properties or define it

17  as pedestrian access.  Under Oregon law, the right of vehicular access from

18  private property (without qualification as to type of property) to an abutting

19  public road is an interest in real property.  *State of Oregon v. Alderwoods*, 358

20  OR 501 (2015), and cases there cited.  See also, *Tri-County Metropolitan*

21  *Transportation District of Oregon v. Walnut Hill, LLC*, 292 Or. App. 417,

Page 3 -    **PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

Hathaway Larson LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone: 503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 8 of 34**

1    417-421 (2018) [Dispute over just compensation for taking of property interest

2    in access to parking on residential property].

3          What is "reasonable access" ought to be that which is consistent with

4    the law.  For housing within the urban growth boundary, Oregon's statutory

5    scheme requires that only clear and objective standards on the face of the City's

6    ordinances may be applied to regulate the right of access and that when those

7    standards are met, the access cannot be denied.

8          Two recent LUBA decisions revisited the 40-year history of the

9    needed housing statutes and their clear applicability to vehicular access; *Legacy*

10   *Development Group v. City of The Dalles*, LUBA No. 2020-099 (February 24,

11   2021), and *Nieto v. City of Talent*, LUBA No. 2020-100 (March 10, 2021).

12         *Legacy* and *Nieto* are consistent with earlier decisions which were

13   unequivocal that when housing is being developed, access standards (including

14   those for driveways) are subject to ORS 197.307(4).  See, *HBA v. City of Eugene,*

15   41 Or. LUBA 370 (2002), LUBA No. 2001-059 and LUBA No. 001-063

16   (February 28, 2002), at 28; *Athletic Club of Bend v. City of Bend,* 243 P.3d 824,

17   239 Or. App. 89, 98-99 (2010); *Group B, LLC v. City of Corvallis*, LUBA No.

18   2015-019 (August 25, 2015), at 15-17; *Walter v. City of Eugene*, LUBA No.

19   2016-024 (June 30, 2016), at 5-12.

20   ///

Page 4 -    **PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

Hathaway Larson LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 9 of 34**

1          In *Nieto*, the Board stated at page 9:

2    "In *Rogue Valley Assoc. of Realtors v. City of Ashland*, we explained
3    that approval standards are not clear and objective if they impose
4    'subjective, value-laden analyses that are designed to balance or
5    mitigate impacts of the development on (1) the property to be
6    developed or (2) the adjoining properties or community.' 35 Or
7    LUBA 139, 158 (1998), *aff'd* 158 Or App 1, 970 P2d 685, *rev den*,
8    328 Or 594 (1999)."

9          DRP 6.03 makes clear that Defendants Krueger and Wardrip saw

10    the impacts of dense housing development on the right-of-way and created a

11    policy designed to "balance or mitigate impacts of the development on . . . the

12    adjoining properties or community."  "Reasonable access" is what Oregon law

13    and the City's Code says it is – not what Defendants Krueger and Wardrip and

14    the other Defendants think it ought to be.

15          Title 33 of the City's Code allowed – as a matter of right – for the

16    on-site driveways requested by Valhalla.[1]   Valhalla met the apparent clear and

17    objective standards in PCC 17.28.110 for the approach driveways.  Pursuant to

18    ORS 197.307(4), ORS 227.173(2), and ORS 227.175(4)(b)(A), Valhalla had a

19    legitimate claim of entitlement to the driveways it requested and a

20    constitutionally protected property interest in them.  (Plaintiff's Response, p. 4,

21    25.)  Under Oregon statutory law, the City was not entitled to deny the permits

22    Valhalla sought.

---

[1] Title 33 has been amended after the events relevant to this complaint.  All references to title 33 herein are to it as it existed during the relevant period.

Page 5 -    **PLAINTIFF'S SURREPLY IN OPPOSITION TO
    DEFENDANTS' MOTIONS TO DISMISS**

Hathaway Larson LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 10 of 34**

1    Pursuant to Title 33, "the minimum driveway width on private

2    property is 9 feet."  PCC 33.266.120.D.2.  Pursuant to PCC 17.28.110.C.1, the

3    minimum driveway approach width allowed for any residential property is 9 feet.

4    That is exactly what Valhalla requested.  The "driveway design of its choice"

5    (Reply, p. 9.) was exactly the design the City's Code designated as the minimum

6    access allowed.  No standards for shared driveways exist in Title 17.

7    Given that restrictions on the use and enjoyment of private property

8    are limited to those that a legislative body has determined are "necessary" for the

9    public health, safety, morals, or general welfare,[2] it follows that the Portland City

10    Council determined that it was necessary that on-site residential driveways be at

11    least 9 feet wide and that approach driveways be at least 9 feet wide.  Plaintiff

12    respectfully submits that "reasonable access" requires at least a 9-foot-wide

13    approach driveway connecting to a 9-foot-wide, on-site driveway, as that is what

14    the City Council has determined is the minimum necessary for the public health,

15    safety, or general welfare.

16    Under *Roberge*, "reasonable access" is defined by the limitations on

17    access that a legislative body has determined to be necessary.  Defendants cannot

18    limit a property to access that does not meet standards the City Council has found

19    "necessary" and call it "reasonable access."  Absent a grant of reciprocal access

---

[2] *State of Washington ex rel. Seattle Title Trust Co. v. Roberge*, 278 U.S. 116 (1928).

Page 6 -    **PLAINTIFF'S SURREPLY IN OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS**

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 11 of 34**

1   easements to allow shared use of a driveway, the Director's Policy limited each

2   Sumner Property to a 7-foot-wide approach driveway connecting to a 7-foot-

3   wide, on-site driveway which, over a span of 6 feet[3], tapered out to a 10-foot-

4   wide driveway.  See, DRP 6.03, Figure 1.

5          Defendants, for the first time, assert that a true shared driveway is

6   not what the Director's Policy requires.  (Reply, p. 3, 15.)  Rather, what DRP

7   6.03, Figure 1 requires is a single 14-foot-wide curb cut with two individual 7-

8   foot-wide abutting driveways that do not involve crossing property lines or

9   sharing the access easement which is appurtenant to each property.[4]  At the front

10  property line, each property has a 7-foot-wide access point within which they

11  must stay.  PCC 17.28.110.C.3 provides that, "Driveways shall be measured

12  lengthwise with the sidewalk on the property line side."  Therefore, the width of

13  the access driveway is 7 feet, and the width of the on-site driveway is initially 7

14  feet.

15         Additionally,  PCC  17.28.110.C.1  requires  at  least  5  feet  of

16  separation between driveways; representing a determination by the City Council

17  ///

---

[3] As DRP 6.03, Figure 1 illustrates, 6 feet assumes that the garage entrances are only 2 feet apart. Leaving 4.5 inches of interior "exit" space in each garage on that abutting wall (after accounting for 15 inches of firewall between the units). In reality, using the taper rate required, the additional 6 feet of setback is a fictional minimum.

[4] Driveway is defined as, "a paved way for vehicular traffic extending from the roadway to the property line across a sidewalk, whether or not such sidewalk is improved, for the purpose of providing access to parking or maneuvering space on abutting property." PCC 17.28.100.A.

Page 7 -    **PLAINTIFF'S SURREPLY IN OPPOSITION TO
           DEFENDANTS' MOTIONS TO DISMISS**

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 12 of 34**

1    that it is necessary for the public health, safety, or general welfare to prohibit

2    abutting driveways.

3         PCC 33.266.120.D's requirement for a minimum driveway width of

4    9 feet is not met by the DRP 6.03, Figure 1 design for the first 5 feet of each on-

5    site driveway.   Nevertheless, Defendants claim no reciprocal access easements

6    are required.   (Reply, p. 15.)   The City's Code allows the minimum 9-foot

7    driveway width to extend across a property line onto abutting private property if

8    there "is a recorded easement guaranteeing reciprocal access and maintenance for

9    all affected properties." PCC 33.266.120.D.3.b.  Defendants do not explain how

10   they meet the requirement for 9 feet without extending across a property line or

11   how the Director can override land use regulations in Title 33.

12         One of two options must be true:   (1) a true shared driveway is

13   required with reciprocal access easements and a maintenance agreement; or (2)

14   the access driveways do not meet the 9-foot width requirement for their entire

15   length and the on-site driveways do not meet the 9-foot width requirement for

16   their first 5 feet. Neither provides reasonable access as (1) requires giving an

17   easement to another property as a condition of access, and (2) requires

18   maneuvering through a space the City Council has determined is too narrow to

19   be safe and violates the prohibition on abutting driveways.  (The "no easement"

20   ///

Page 8 -    **PLAINTIFF'S SURREPLY IN OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS**                   **Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 13 of 34**

1    design requires backing up at an angle to fit through an opening a foot narrower

2    than a standard 8-foot garage door opening.)

3          The case Defendants newly cite, *Kiasantana*, did not involve the

4    development of housing.  The development of housing is subject to state statutes,

5    which limit the standards that can be applied to regulate the development of

6    housing to those that are clear and objective on the face of the City's ordinances

7    and require issuance of permits when the application meets those standards.  ORS

8    197.307(4), ORS 227.173(2), and ORS 227.175(4)(b)(A).  That is a "stick in the

9    bundle of property rights" created by Oregon law.

10          The restrictions on access applied to the Sumner Properties when

11    Valhalla owned them were more onerous than those in the City's ordinances and

12    resulted in inadequate access as defined by PCC 17.28.110.C.1.

13          Plaintiff respectfully submits that each of the Sumner Properties had

14    a protected property right of reasonable access to the abutting road that has been

15    defined by the City Council as a minimum of a 9-foot-wide access driveway

16    connected at the property line to a 9-foot-wide on-site driveway.  "Reasonable

17    access" cannot be less than what the City Council has determined is necessary

18    for safe access.

19    ///

20    ///

Page 9 -   **PLAINTIFF'S SURREPLY IN OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS**

Hathaway Larson LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 14 of 34**

1    **ORS 197.015(10)(b)(D) Does Not Apply to the Denial**
2    **of the Requested Driveways**

3    Defendants assert for the first time that, pursuant to ORS

4    197.015(10)(b)(D), the decision Defendant Owings rendered was neither a land

5    use decision nor a limited land use decision and, therefore, the statutory

6    procedural requirements for quasi-judicial land use or limited land use decisions

7    were not required.  (Reply, p. 10.)

8    The issuance of building permits for the housing development

9    Valhalla proposed for 730 and 740 NE Sumner Street was conditioned on receipt

10    of the driveway permits necessary to access the on-site parking.  The driveway

11    permits were integral to the housing development.  "On-site development

12    necessarily requires the development of the right-of-way between the road and

13    lot line."  *Athletic Club of Bend v. City of Bend,* 243 P.3d 824, 239 Or. App. 89

14    98-99 (2010).

15    The denial of the driveway permits, which identified standards for a

16    completely different building design, on-site driveway, and setbacks that the

17    Director would require for an attached housing development on the Sumner

18    Properties, and which was the City's final decision, a fortiori denied the building

19    permits for the proposed housing.

20    Defendants acknowledge that Defendant Owings rendered a quasi-

21    judicial decision when she denied the requested driveway permits.  (Mot.

Page 10 -   **PLAINTIFF'S SURREPLY IN OPPOSITION TO**
               **DEFENDANTS' MOTIONS TO DISMISS**

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply**
**Page 15 of 34**

1   Dismiss, p. 26.)  Defendants acknowledge that Valhalla did not request waiver of

2   any standards in the City's Code, but instead requested that the review and

3   issuance of driveway permits comply with the requirements of ORS 197.307(4).

4   (Mot. Dismiss, p. 26.)

5        Defendant Owings' quasi-judicial decision concerned the

6   application of a land use regulation (both those she applied and those she should

7   have applied) and implemented the interpretation and exercise of policy and legal

8   judgment embodied in DRP 6.03.  Title 17 and the City's policy, practice, and

9   custom provided the Director with authority to deny any request for any driveway

10  for the Sumner Properties.  Pursuant to ORS 227.160(2), "'Permit' means

11  discretionary approval of a proposed development of land, under ORS 227.215

12  or city legislation or regulation."  Because this was a "statutory permit" decision,

13  the City was required to comply with the procedures in ORS 197.763.  They did

14  not.

15       The absurdity of meeting the threshold for discretionary decisions

16  that require a hearing in relation to a driveway permit for an "as of right" building

17  permit illustrates how outside the bounds of expected practice the City's policies,

18  practices, and customs are.  The Director, who under state law is supposed to

19  non-discretionarily apply clear and objective standards, through a clear and

20  *///*

Page 11 -  **PLAINTIFF'S SURREPLY IN OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS**

Hathaway Larson LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 16 of 34**

1    objective procedure to approve or deny driveway permits, instead is possessed of

2    so much power and discretion that driveway permits become statutory permits.

3            It is absurd that a request for a driveway permit is how setback

4    standards are altered, easements between private parties are demanded, building

5    designs are imposed, determinations are made as to housing types which will

6    receive more favorable access, and building permits are denied for development

7    which meets the City's Code.  Only because the Director has authority to deny

8    driveway permits on a subjective basis, does he possess the power to demand

9    exactions as a condition of approval.  This kind of power and discretion triggers

10   the State's requirements governing quasi-judicial land use decisions.

11           Defendants claim the ORS 197.015(10)(b)(D) exception applies to

12   Defendant Owings' decision.  However, that exception does not apply when an

13   access decision is rendered as part of an application for the development of

14   housing.

15           In *Warrick v. Josephine County*, LUBA No. 98-165 (March 25,

16   1999), the county moved to dismiss a LUBA appeal claiming the ORS

17   197.015(10)(b)(D) exemption from land use decisions applied because, as the

18   county characterized it, the challenged decision dealt solely with transportation

19   issues.  The Board stated:

20   ///

Page 12 -    **PLAINTIFF'S SURREPLY IN OPPOSITION TO**
             **DEFENDANTS' MOTIONS TO DISMISS**

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply**
**Page 17 of 34**

1    "Petitioners respond, and we agree, that the county's motion
2    mischaracterizes the challenged decision.  The challenged decision
3    is plainly a decision approving a subdivision pursuant to the
4    county's comprehensive plan and land use regulations and is thus a
5    land use decision under ORS 197.015(10)(a).  That the county's
6    decision conditions its approval on construction of road access for
7    the subdivision does not convert that decision or any part of the
8    decision into a decision of the type described in ORS
9    197.015(10)(b)(D)."  *Id.* at 4-5.

10    A decision on a building permit is excepted from the definition of a

11    land use decision when the decision "approves or denies a building permit issued

12    under clear and objective land use standards."  ORS 197.015(10)(b)(B).  In this

13    case, the denial was based on the subjective and discretionary policy in DRP 6.03

14    and was not denied under clear and objective standards.  The decision was a land

15    use decision.

16    That transportation decisions rendered, with respect to the

17    development of housing are land use decisions, is further illustrated by *Walter v.*

18    *City of Eugene*, LUBA No. 2016-024 (June 30, 2016).  In *Walter*, the local code

19    contained ambiguous standards regarding the design of roads.  On this basis,

20    LUBA found that the provisions violated ORS 197.307(4).

21    "Whatever its purpose, the 19-Lot Rule and the city's interpretation
22    of it appear designed to "balance or mitigate" the impacts of a
23    proposed PUD on the public street system and other developed
24    properties in the vicinity of the proposed PUD, a subjective exercise
25    that is contrary to the needed housing statute.  *Rogue Valley*, 35 Or
26    LUBA at 158."  *Walter*, at 12.

27    ///

Page 13 -    **PLAINTIFF'S SURREPLY IN OPPOSITION TO**
             **DEFENDANTS' MOTIONS TO DISMISS**

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply**
**Page 18 of 34**

1       Defendant Owings rendered a discretionary land use decision.  The

2   scope of authority given to, and exercised by, the Director defines the driveway

3   permit as a statutory permit.  Defendants were required to, but did not, follow the

4   statutory procedural requirements for a quasi-judicial land use decision.  ORS

5   197.015(10)(b)(D) does not excuse Defendants from compliance with ORS

6   197.763.

7                   **Due Process and _Zinermon v. Burch_**

8       Defendants assert that, "[r]emedies available in state court

9   proceedings can satisfy the 14th Amendment's Due Process Clause."  (Reply, p.

10  3.)  Defendants newly cite _Zinermon v. Burch_, 494 U.S. 113, 125-126 (1990), as

11  authority for their argument that the availability of post deprivation due process

12  was adequate in this case.  However, _Zinermon_ very clearly states otherwise.

13  After discussing the factors in _Mathews v. Eldridge_, 424 U.S. 319, 335 (1976),

14  for determining what procedural protections the Constitution requires, the Court

15  stated, "Applying this test, the Court usually has held that the Constitution

16  requires some kind of a hearing _before_ the State deprives a person of liberty or

17  property."  _Id_. at 127.  (Emphasis in original.)  The Court then lists numerous

18  cases for the proposition that a hearing is usually required before the state

19  deprives a person of liberty or property.

20  _///_

Page 14 -   **PLAINTIFF'S SURREPLY IN OPPOSITION TO
            DEFENDANTS' MOTIONS TO DISMISS**

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone: 503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 19 of 34**

1         The Court then lists cases describing the types of circumstances in

2    which post deprivation remedies can satisfy due process.  Those are cases where

3    predeprivation procedural safeguards would not address the risk; or there is a

4    necessity of quick action; or it would be impractical to provide predeprivation

5    process; or the deprivation was the result of a random and unauthorized act by a

6    state employee.  *Zinermon* at 128.

7         "The justifications which we have found sufficient to uphold takings
8         of property without any predeprivation process are applicable to a
9         situation such as the present one involving a tortious loss of a
10        prisoner's property as the result of a random and unauthorized act
11        by a state employee.  In such a case, the loss is not a result of some
12        established state procedure, and the State cannot predict precisely
13        when the loss will occur."  *Id*. at 129.

14   Plaintiff's loss was the result of an established procedure, a written policy, and

15   the City's policy, practice, and custom.

16        The Court goes on to state that it is in the "unusual case" in which

17   "the value of predeprivation safeguards is negligible" in preventing deprivation

18   that "the State cannot be required constitutionally to do the impossible by

19   providing predeprivation process."  *Zinermon* at 129.

20        "In situations where the state feasibly can provide a predeprivation
21        hearing before taking property, it generally must do so regardless of
22        the adequacy of a Postdeprivation tort remedy to compensate for the
23        taking."  *Id*. at 132.

24        Notably, Defendants do not cite, and Plaintiff is not aware of, any

25   authority for the proposition that a city is allowed to effect deprivations of

Page 15 -    **PLAINTIFF'S SURREPLY IN OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS**

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 20 of 34**

1    property without due process of law if the state government provides a post

2    deprivation remedy.

3    **<u>Tort Claim Notice and *Coleman v. Oregon Parks and Recreation*</u>**

4              Defendants newly cite *Coleman v. Oregon Parks and Recreation*

5    *Dep't*, 227 P.3d 815, 234 Or. App. 132 (2010), as a case in which Defendants

6    claim the notice given was "akin" to the tort claim notice Plaintiff provided to

7    Defendants on October 25, 2019.  The Plaintiff in *Coleman* was the wife of an

8    injured man.  Without giving any formal tort claim notice, she filed a suit for loss

9    of consortium.  The conclusion was that she did not give any communication that

10    would qualify as actual notice that would cause a reasonable person to conclude

11    that she intended to assert a claim.

12              Defendants assert that even though the actual document in which the

13    act of fraud occurred (the June 8, 2018 letter) was specifically cited in Plaintiff's

14    tort claim notice with reference as to why Plaintiff deemed the document to be

15    one of the circumstances giving rise to the claim – that the City had previously

16    agreed that ORS 197.307(4) applied to driveways and had subsequently acted in

17    a manner wholly inconsistent with a proceeding under ORS 197.307(4) – the City

18    needed to also be referred to the Rodney Settlement Agreement to understand the

19    time, place, and circumstances giving rise to the claim.

20    ///

Page 16 -    **PLAINTIFF'S SURREPLY IN OPPOSITION TO
              DEFENDANTS' MOTIONS TO DISMISS**

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 21 of 34**

1    But declaring the Rodney Settlement Agreement void is merely the

2    prayed for remedy.  The contents of the Rodney Settlement Agreement are not

3    the basis of the fraud claim.  The notice made clear that Valhalla intended to

4    assert a claim that Valhalla had been damaged when the City handled the Sumner

5    Properties application differently than the June 8, 2018, letter represented the

6    City would handle such an application.  It was clear that Valhalla considered false

7    representations to have been made in the June 8, 2018, letter and it was clear that

8    Valhalla was surprised by the Sumner Properties decision.  A notice which

9    includes the message, "You lied to me, and I intend to assert claims against you"

10   ought to be enough to alert the City that one of the claims coming may be fraud.

11   Defendants ignore the allegations in Plaintiff's FAC and falsely

12   claim that the basis for the fraud claim is merely a "misreading" of letters.

13   Plaintiff had already suffered the consequences of the City acting in accord with

14   the May 24, 2019, letter before it received the letter.  It was the receipt of the

15   May 24, 2019, letter that alerted Valhalla to the fact that the bad acts were

16   officially sanctioned by the City.

17   Defendants falsely claim that "Plaintiff concedes its Fraud in the

18   Inducement claim is not meant to be a stand-alone claim."  Plaintiff made no such

19   "concession."  Defendants appear to claim that since Plaintiff did not pray for

20   ///

Page 17 -   **PLAINTIFF'S SURREPLY IN OPPOSITION TO
            DEFENDANTS' MOTIONS TO DISMISS**

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 22 of 34**

1   money damages on its fraud claim, it is not a real claim.  Nevertheless, such

2   accusations are not relevant to whether Plaintiff's tort claim notice was adequate.

3                          **<u>Setback Requirement</u>**

4           Defendants assert, for the first time, that "the City's rules regarding

5   set-back distances" are defined as those imposed by DRP 6.03.  (Reply, pp. 14-

6   15.)  However, on page 8 of their Reply, Defendants assert that DRP 6.03 is not

7   a rule.  "DRP 6.03 is an administrative regulation, directed at PBOT employees,

8   with the sole purpose of furthering the Director and City Traffic Engineer's

9   public safety judgments, … ."  (Reply, p. 8.)

10          Defendants concede that the DRP 6.03 design "increases the set-

11  back requirement."  (Reply, p. 14.)  Defendants then opine, without reference to

12  any authority, that development of property features that are an allowed voluntary

13  choice – as opposed to a development requirement imposed by the City – is all

14  that is required for Defendants to require a variance to the setback standards in

15  the City's Code.  (Reply, p. 15.)

16          Under this theory, the setback rules do not apply to two-story houses

17  because the City allows, but does not require, two stories.  They do not apply to

18  houses with basements, houses with covered back patios, houses with fences,

19  houses painted blue, etc. because, while all those things are allowed by the City's

20  Code, none of those things are required by the City's Code.

Page 18 -   **PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

Hathaway Larson LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 23 of 34**

1    Defendants' statement that Valhalla was "required to comply with

2    the City's rules regarding set-back distances" is extremely misleading in that in

3    this instance, Defendants' reference to "the City's rules" means DRP 6.03 and

4    not the City's Code.

5    **Equal Protection**

6    Defendants falsely state that, "Plaintiff concedes the City's

7    distinction between attached and detached housing with respect to access to the

8    right-of-way is rationally related to serving legitimate government interests. (See

9    Plaintiff's Response, p.44.)"  (Reply, p. 15.)  Plaintiff's statement that "the City

10   Council could adopt legislation . . ." was not an endorsement of the rationality of

11   such legislation, it was a statement of who had authority to adopt such legislation.

12   It was part of a section regarding Defendants exceeding their authority in making

13   such a rule without City Council action.

14   Plaintiff reiterates its position as stated in its FAC, "Whether two

15   units of housing are attached or detached has no rational relationship to how a

16   driveway impacts the public right-of-way."  (FAC, ¶ 144.)  The difference

17   between attached and detached housing is irrelevant unless two units of attached

18   housing threaten the public right-of-way in a way that two units of detached

19   housing on the same lots would not.  Plaintiff submits there is no rational basis

20   *///*

Page 19 -    **PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

Hathaway Larson LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 24 of 34**

1   for believing as much.  See, *City of Cleburne, Texas v. Cleburne Living Center*,

2   473 U.S. 432, 448 (1985).

3                    **Mayor Wheeler and Former Commissioner Eudaly**

4            Defendants falsely state that, "Plaintiff concedes that neither one of

5   these defendants could have had the invidious, discriminatory intent necessary

6   for Plaintiff's Equal Protection Claim.  (Plaintiff's Response, p. 56)."  (Reply,

7   p. 18.)  Defendants Wheeler and Eudaly need not have racial or other invidious,

8   discriminatory intent when they had an impermissible motive – supporting the

9   enforcement of the unlawful limitations on property rights called for in DRP 6.03

10  – which the City enforced through the pretext of claiming the City's Code

11  required two separate, fully conforming, separately developable, properties in

12  single ownership to be defined as having a total of one frontage between them.

13  See, *Lazy Y Ranch Ltd. v. Behrens,* 546 F. 3d 580, 591 (9th Cir., 2008).

14          Pursuant to PCC 17.04.010.M, "'Frontage' means the length of

15  public right-of-way adjacent to a property, measured in feet."  Under the City's

16  codified definition, every property has its own frontage.  Pursuant to ORS 92.017

17  and the City's lot confirmation, 730 and 740 NE Sumner Street were two separate

18  properties.

19          Inexplicably, Defendants simultaneously claim that (1) clear and

20  objective standards require treating two properties as sharing one frontage, and

Page 20 -   **PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**          Hathaway Larson LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 25 of 34**

1    (2) applicants in the foregoing situation are necessarily pursuing an "alternative

2    discretionary process."  See, May 24, 2019, letter from City attached hereto as

3    **Exhibit A**.  In other words, the City claims to have clear and objective standards,

4    which preclude attached housing development from being regulated by clear and

5    objective standards.

6          In the May 24, 2019, letter, the City Attorney's Office relayed the

7    City Council's decision to – without adopting a resolution, ordinance, or any

8    legislation – impose the restrictions on property contained in DRP 6.03 on the

9    pretext that the City's Code contained standards which mandated the DRP 6.03

10   restrictions, when, in fact, the City's Code contained standards which precluded

11   the requirements in DRP 6.03.  The City Attorney's Office is the entity which

12   responded to Valhalla's March 25, 2019, letter to the City Council and, as such,

13   was the spokesman for the City and the City Council.  See, *Giglio v. United*

14   *States*, 405 U.S. 150, 154 (1972).  Having been made aware that the City

15   Attorney's Office had determined that DRP 6.03 could not be the source of

16   standards in a proceeding under ORS 197.307(4), Mayor Wheeler, and former

17   Commissioner Eudaly participated in, and supported, the pretext of claiming that

18   the City's Code exempted attached housing development from compliance with

19   ORS 197.307(4).

20   ///

Page 21 -    **PLAINTIFF'S SURREPLY IN OPPOSITION TO**
             **DEFENDANTS' MOTIONS TO DISMISS**

Hathaway Larson LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply**
**Page 26 of 34**

1          These actions were without cause based upon the law.  They were

2    arbitrary.  Black's Law Dictionary, (Sixth Edition 1991).  "It is well established

3    that a city may not enforce its zoning and land use regulations arbitrarily. See,

4    e.g., *Cleburne*, 473 U.S. at 447, 105 S.Ct. at 3258; *Lockary*, 917 F.2d at 1155."

5    *Armendariz v. Penman*, 75 F.3d 1311, 1327 (9th Cir., 1996) (en banc), *overruled*

6    *in part on other grounds.*  As illustrated by *Athletic Club of Bend v. City of Bend*;

7    *Warrick v. Josephine County*; and *Walter v. City of Eugene*, supra, ORS

8    197.307(4) applies to decisions made about vehicular access to housing.  The

9    case law is unequivocal and voluminous on this point.

10         "To establish an Equal Protection claim, the asserted rational
11         basis for selectively enforcing the law must also be a pretext for an
12         impermissible motive … . Conversely, there is no rational basis for
13         state action that is ... plainly arbitrary." (Internal citations omitted.)
14         *David Hill Development v. City of Forest Grove*, 3:08-cv-266-AC,
15         at 41-42 (D. OR, October 30, 2012).

16         The City's asserted rationale for denying the individual Sumner

17    Properties individual access (that the City's Code required as much) was untrue

18    and a mere pretext for applying DRP 6.03.

19         Defendants Wheeler and Eudaly knew that the City's Code did not

20    require the driveway configurations required by DRP 6.03.  They supported the

21    use of pretext rather than the adoption of legislation to impose the limitations

22    contained in DRP 6.03.

23    ///

Page 22 -    **PLAINTIFF'S SURREPLY IN OPPOSITION TO
              DEFENDANTS' MOTIONS TO DISMISS**

Hathaway Larson LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone: 503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 27 of 34**

1                    **<u>CONCLUSION</u>**

2          Based on the foregoing, Plaintiff respectfully requests the Court to

3    grant its Motion for Leave to File a Surreply in response to new arguments and

4    false factual claims made by Defendants in Defendants' Reply to Plaintiff's

5    Response to Defendants' Rule 12 Motions to Dismiss of August 16, 2021.

          DATED this 17th day of September 2021.

                    HATHAWAY LARSON LLP

                    By     s/ Gregory S. Hathaway
                        Gregory S. Hathaway, OBS #731240
                        1331 NW Lovejoy St., Ste. 950
                        Portland, OR 97209-3280
                        Telephone:  503-303-3101 (Main)
                        greg@hathawaylarson.com
                        *Of Attorneys for Plaintiff*

Page 23 -   **PLAINTIFF'S SURREPLY IN OPPOSITION TO
            DEFENDANTS' MOTIONS TO DISMISS**

                                        **Hathaway Larson LLP**
                                        1331 NW Lovejoy St., Ste. 950
                                        Portland, OR 97209-3280
                                        Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 28 of 34**



CITY OF
# PORTLAND, OREGON
OFFICE OF THE CITY ATTORNEY

**Tracy Reeve, City Attorney**
1221 S.W. 4th Avenue, Suite 430
Portland, Oregon 97204
Telephone: (503) 823-4047
Fax: (503) 823-3089

May 24, 2019

**SENT VIA EMAIL AND CERTIFIED MAIL #7014 2870 0001 3383 8973**
*mari@valhallacustomehomes.com*

Ms. Mari Ives
Lead Design/General Counsel
Valhalla Custom Homes, LLC
14210 SE Harney Street
Portland, OR 97236

Re:    Notice of Intent to Request Enforcement Order

Dear Ms. Ives:

This is in response to Valhalla Custom Homes' ("Valhalla") letter dated March 25, 2019. In that letter, Valhalla requested a number of actions by the City Council that all relate to PCC 17.28.110 and are overlapping. First, you ask Council to adopt a resolution instructing the Portland Bureau of Transportation ("PBOT") to prepare proposed revisions to Title 17 and PCC 17.28.110 to provide clear and objective standards for needed housing. Second, you request that PBOT propose and City Council adopt revisions and amendments to Title 17 and PCC 17.28.110, when applicable, that provide only facially clear and objective standards. Third, you ask PBOT propose and City Council adopt revisions and amendments to Title 17 and PCC 17.28.110 that provide clear and objective standards for a driveway access permit. Fourth, you request PBOT propose and City Council adopt revisions and amendments to Title 17 and PCC 17.28.110 to provide clear and objective standards for driveway access, that do not conflict with the on-site driveway standards in Title 33.

You also request that the City Council pass a resolution directing PBOT to publish a statement to employees and the public, that until the revisions to PCC 17.28.110 are adopted in accordance with your specific requests for driveway access, the standards must be facially clear and objective. Finally, you request that the City Council direct PBOT to publish a list of the current standards it identifies as clear and objective standards for driveway access. Alternatively, Valhalla requested the Land Conservation and Development Commission ("LCDC") to issue an enforcement order against the City to give Valhalla the same relief.

**Regulations of City's Right-of-Way are Not the "Development of Needed Housing"**

Title 17 of the Portland City Code governs public improvements. There are more than 50 chapters in Title 17 that govern a range of topics all related to the management and operation of public infrastructure, including but not limited to system development charges, sidewalk cafes and

18-00880-584321

EXHIBIT 7
Declaration of Ken McGair
Page 1 of 4
**EXHIBIT A to Surreply**
**Page 1 of 4**

**EXHIBIT 1 to Motion for Leave to File Surreply**
**Page 29 of 34**

Mari Ives
May 24, 2019
Page 2 of 4

vendors, public sewer connections, advertising on bus benches, and the naming of streets.  Title 17 applies to all zones and is not limited to residentially zoned land.

The City Council has authorized PBOT to permit and manage access to the public right-of-way.  PCC 17.24.005.  PBOT is also authorized to issue permits to construct a driveway in the right-of-way.  PCC 17.28.110.  "Driveway" is defined to mean "a paved way for vehicular traffic extending from the roadway to the property line across a sidewalk, whether or not such sidewalk is improved, for the purpose of providing access to parking or maneuvering space on abutting property."  PCC 17.28.100.  That is, a "driveway permit" is an authorization to construct a curb cut and a driveway apron in the City's right-of-way.

ORS 197.307 describes the need for "affordable, decent, safe and sanitary housing opportunities" as a matter of statewide concern.  As such, a local government must provide clear and objective standards, conditions and procedures "regulating the development of housing."  ORS 197.307(4).

The manner in which PBOT permits and manages the public right-of-way is *not* "regulating the development of housing."  The City disagrees with your argument that the City's home rule authority to regulate access to the right-of-way is preempted by ORS 197.307, which governs the development of housing.

Additionally, the City disagrees with your characterization of ORS 227.215.  As an initial matter, the definition of the term "development" is exclusively limited to that section.  ORS 227.215(1).  If the legislature intended that term to be the same as it is used in ORS 197.307, it would have done so.

Moreover, ORS 227.215 provides that a city *may* plan and *may* adopt ordinances and the ordinances *may* provide for development permitted outright and discretionarily.  The statute does nothing more than merely describe what the City is already authorized to do under its home rule authority.  Under the Oregon Constitution, local governments have the authority to determine the local scope of power without requiring statutory authorization.  While state law can preempt local civil law, it has not done so here.  In order to preempt the local government, the statute must "unambiguously expresses an intention to preclude local governments from regulating" in the same area as governed by the statute.  *Rogue Valley Sewer Services v. City of Phoenix*, 357 Or 437, 450-51 (2015); *Thunderbird Mobile Club, LLC v. City of Wilsonville*, 234 Or App 457, 474 (2010).  Providing that the City may adopt an ordinance is a far cry from unambiguously expressing an intent to preempt.

**Existing Regulations Provide Applicants Clear and Objective and Discretionary Paths**

As previously discussed in response to your 2018 request for enforcement order, Title 17 provides applicants with clear and objective standards for obtaining a driveway or an alternative discretionary path.  Under the clear and objective path, the Code requires that a property frontage

EXHIBIT 7
Declaration of Ken McGair
Page 2 of 4
**EXHIBIT A to Surreply**
**Page 2 of 4**

**EXHIBIT 1 to Motion for Leave to File Surreply**
**Page 30 of 34**

Mari Ives
May 24, 2019
Page 3 of 4

of 50 feet or less must have a driveway with a minimum width of nine feet and a maximum width of 20 feet. PCC 17.28.110(C)(1). A frontage under 100 feet under single ownership is considered one frontage, regardless of the number of dwelling units. *See* PCC 17.28.110(C).

As an alternative to that clear and objective standard, when a property frontage has one owner, more than one driveway within 100 feet of frontage *may* be allowed with the approval from the Director of PBOT and the City Traffic Engineer. PCC 17.28.110(C)(1).[1] Additionally, PBOT is authorized to permit variances to the width standards. PCC 17.28.110(C)(4). However, in granting a waiver of the standards, PBOT may establish conditions to ensure safe and orderly flow of pedestrian and vehicular traffic. PCC 17.28.110(C)(4). When considering alternatives to the standards in Title 17, PBOT may establish conditions regarding "safe and orderly flow of pedestrian and vehicular traffic." PCC 17.28.110(C)(5).

Although not required to, the City Traffic Engineer and Development Review Manager provided PBOT staff with written policies clarifying that in R 2.5 zones, attached units must have a shared driveway in these alternative path situations. *See* Development Review Policy (DRP) 6.03 (Exhibit C). The written policy provides staff with consistent and clear direction when discretionary review is involved rather than the clear and objective standard delineated in PCC 17.28.110(C). These policies are not yet adopted by ordinance, although nothing requires the City to adopt the policy by ordinance. PCC 17.28.110(1) is the basis of PBOT's authority to approve a discretionary, alternative to on the clear and objective standards.

DRP 6.03 requires a shared driveway for attached dwelling units in R 2.5 zones. "Attached dwelling units" is defined to include duplexes. The policy is based on PBOT's effort to preserve on-street parking and respond to the considerations including enhancing the pedestrian environment as outlined in PCC 17.28.110(C)(5). DPR 6.03. Therefore, even when an applicant pursues PBOT's alternative discretionary process, PBOT applies a clear and objective standard.

**Pending Code Amendments to Provide Additional Clarity**

While we continue to disagree that PBOT's requirements regarding driveway access to the right-of-way are not clear and objective, or that they are a regulation of the development of housing, including needed housing under ORS 197.307(4) and ORS 227.173(2), PBOT has drafted proposed revisions to PCC 17.28.110 ("Driveways – Permits and Conditions"), that codify criteria PBOT uses to determine driveway access. These revisions largely address many of the concerns raised in your letter. The proposed revisions to PCC 17.28.110 are tentatively proposed to go before Council in June and we are happy to provide those for your comments prior to filing with the Council Clerk. Additionally, PBOT is in the process of more comprehensive amendments to Chapter 17.28 and Title 17 generally, where applicable, that require vetting by internal and external

---

[1] "Owner" is defined to mean "the owner of the real property or the contract purchases of real property of record as shown on the last available assessment roll in the office of the county assessor." PCC 17.28.015.

EXHIBIT 7
Declaration of Ken McGair
Page 3 of 4
**EXHIBIT A to Surreply**
**Page 3 of 4**

**EXHIBIT 1 to Motion for Leave to File Surreply**
**Page 31 of 34**

Mari Ives
May 24, 2019
Page 4 of 4


stakeholders.  We hope to have those available soon.  I hope this addresses the concerns noted in
your letter.  If you have any further questions or concerns, please do not hesitate to contact me.



                                        Respectfully,


                                        Kenneth A. McGair
                                        Senior Deputy City Attorney


KM/vs
Encl.


    c.      Kurt Krueger, Portland Bureau of Transportation (via email only)

                                                        EXHIBIT 7
                                              Declaration of Ken McGair
                                                      Page 4 of 4
                                              **EXHIBIT A to Surreply**
                                                  **Page 4 of 4**

                        **EXHIBIT 1 to Motion for Leave to File Surreply**
                                    **Page 32 of 34**

## <u>CERTIFICATE OF COMPLIANCE</u>

This motion complies with the applicable Court approved word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 5,001 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

HATHAWAY LARSON LLP

By ____s/ Gregory S. Hathaway_____
     Gregory S. Hathaway, OSB #731240
     Email:  greg@hathawaylarson.com
     *Of Attorneys for Plaintiff*

Page 1 -    **CERTIFICATE OF COMPLIANCE**

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply**
**Page 33 of 34**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of the foregoing **PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** on:

| | |
|---|---|
| William Manlove, OSB #891607 | ☐ U.S. Mail |
| Portland Office of the City Attorney | ☐ Facsimile |
| 1221 SW 4th Avenue, Room 430 | ☐ Hand Delivery |
| Portland, OR 97204 | ☐ Overnight Courier |
| william.manlove@portlandoregon.gov | ☒ Email |
| *Of Attorneys for Defendants* | ☒ Via CM/ECF E-Filing |

DATED this 17th day of September 2021.


HATHAWAY LARSON LLP


By     s/ Gregory S. Hathaway            
       Gregory S. Hathaway, OSB #731240
       Email:   greg@hathawaylarson.com
       *Of Attorneys for Plaintiff*

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone: 503-303-3101

**EXHIBIT 1 to Motion for Leave to File Surreply
Page 34 of 34**

## <u>CERTIFICATE OF COMPLIANCE</u>

This motion complies with the applicable Court approved word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 909 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

HATHAWAY LARSON LLP


By ____s/ Gregory S. Hathaway_____
    Gregory S. Hathaway, OSB #731240
    Email:  greg@hathawaylarson.com
    *Of Attorneys for Plaintiff*

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone:  503-303-3101

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** on:

William Manlove, OSB #891607           ☐ U.S. Mail
Portland Office of the City Attorney    ☐ Facsimile
1221 SW 4th Avenue, Room 430            ☐ Hand Delivery
Portland, OR 97204                       ☐ Overnight Courier
william.manlove@portlandoregon.gov      ☒ Email
*Of Attorneys for Defendants*            ☒ Via CM/ECF E-Filing


DATED this 17th day of September 2021.


HATHAWAY LARSON LLP


By _____s/ Gregory S. Hathaway_____
       Gregory S. Hathaway, OSB #731240
       Email: greg@hathawaylarson.com
       *Of Attorneys for Plaintiff*

**Hathaway Larson LLP**
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209-3280
Telephone: 503-303-3101