IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **VALHALLA CUSTOM HOMES, LLC**, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**THE CITY OF PORTLAND**, an Oregon Municipal Corporation, **TED WHEELER**, individually and in his official capacity; **CHLOE EUDALY**, individually and in her official capacity; **CHRIS WARNER**, individually and in his official capacity; **KURT KRUEGER**, individually and in his official capacity; **AMANDA OWINGS**, in her official capacity; and **LEWIS WARDRIP**, in his official capacity.<br><br>Defendants. | Case No. 3:21-cv-00225-JR<br><br>**ORDER** |

PAGE 1 – ORDER

Christopher P. Koback and Gregory S. Hathaway, Hathaway Larson, LLP, 1331 NW Lovejoy Street, Suite 950, Portland, OR 97209. Attorneys for Plaintiff.

William W. Manlove, III, City of Portland, 1221 SW Fourth Avenue, Suite 430, Portland, OR 97204. Attorney for Defendants.

**IMMERGUT, District Judge.**

On September 17, 2021, Magistrate Judge Jolie A. Russo issued her Findings and Recommendations ("F&R"). ECF 46. The F&R recommends that this Court grant Defendants' motion to dismiss. ECF 26. On October 14, 2021, Plaintiff filed objections. ECF 57. On October 26, 2021, Defendants responded to Plaintiff's objections. ECF 69. For the following reasons, this Court ADOPTS Judge Russo's F&R in full.[1]

### STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

---

[1] This Court also DENIES Plaintiff's Objections, ECF 68, to Judge Russo's Order, ECF 66; ECF 68, denying his motion for leave to file a surreply to the underlying motion to dismiss and reply in support of its objections to the F&R.

## DISCUSSION

**A. Plaintiff's Objections to Judge Russo's Order, ECF 66, Regarding Reply to Objections**

As an initial matter, this Court DENIES Plaintiff's Objections, ECF 68, to Judge Russo's Order, ECF 66.

Plaintiff initially moved for leave to file a surreply to the underlying motion to dismiss, ECF 26, on the same day that Judge Russo referred the F&R to this Court. ECF 48. Judge Russo denied this motion because the F&R had already been signed and filed. ECF 50. Judge Russo directed that Plaintiff "can request leave to file before [this Court] when any objections are filed." *Id*.

On October 14, 2021, Plaintiff both filed objections to the F&R, ECF 57, and renewed the motion for leave to file a surreply to the underlying motion to dismiss, ECF 58. Then, on November 17, 2021, Plaintiff filed a separate motion to file a reply to Defendant's response to Plaintiff's objections to the F&R. ECF 64.

Plaintiff is entitled neither to file a surreply to the underlying motion to dismiss—which Judge Russo had already passed upon in the F&R and which this Court now considers—nor to file a reply in relation to its F&R objections. *See* Fed. R. Civ. P. 72(b)(2) (contemplating objections and responses, but not replies, when a magistrate judge refers an F&R). Thus, both Plaintiff's motion for leave to file a surreply to the motion to dismiss, ECF 58, and motion for leave to file a reply to the F&R objections, ECF 64, are DENIED. To the extent that Plaintiff objects to Judge Russo potentially having confused his two motions, ECF 66, *see* ECF 68 at 3–4, those objections are DENIED as moot because this Court has now joined Judge Russo in denying those motions.

**B. Plaintiff's Objections to the F&R, ECF 57**

Plaintiff brings a panoply of objections to the F&R. First, Plaintiff argues that the magistrate judge erred in finding that (1) Plaintiff had failed to state a claim that the ordinance in question was unconstitutionally vague, ECF 57 at 16–26; (2) Plaintiff had failed to state a Substantive Due Process claim, *id*. at 26–33; (3) Plaintiff had failed to state a Procedural Due Process claim, *id*. at 33–36; (4) Article 1, Section 21 of the Oregon Constitution does not apply to the City of Portland for the purposes of an unlawful delegation claim, *id*. at 37–38; (5) Plaintiff failed to state an Equal Protection claim, *id*. at 38–41; (6) the declaratory and injunctive relief claims should be dismissed for lack of standing, *id*. at 41–44; (7) Plaintiff failed to state a claim for supervisory liability against the individual Defendants, *id*. at 44–45; and (8) Plaintiff's fraud claim should be dismissed because no timely Tort Claim notice was made. *Id*. at 45–47.

This Court has reviewed de novo the portions of Judge Russo's F&R to which Plaintiff objects and accepts Judge Russo's conclusions.

## CONCLUSION

Judge Russo's F&R, ECF 46, is adopted in full. This Court GRANTS Defendants' motion to dismiss, ECF 26, and DISMISSES this case with prejudice. This Court also DENIES Plaintiff's other objections, ECF 68.

**IT IS SO ORDERED**.

DATED this 16th day of March, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
